UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vernon Bonner,                                              Civil No. 07-1599 (JRT/FLN)

      Petitioner,

v.                                                          **REPORT AND RECOMMENDATION**

Federal Bureau of Prisons,

      Respondent.

_____

*Pro Se* Petitioner.
David J. MacLaughlin, Assistant United States Attorney, for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. Respondent filed a response in opposition to Petitioner's petition [#4]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the petition be dismissed with prejudice.

### I. BACKGROUND

Petitioner Vernon Bonner is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota (hereinafter referred to as "FPC-Duluth"). On April 27, 2001, Petitioner was sentenced in the Northern District of Indiana in Case Number 2:00CR55-01 to a term of 27 months on each of four counts of mail fraud and one count of theft of a government check (hereinafter referred to as "Case Number One"). (Declaration of Lori Colley (hereinafter referred to as "Colley Decl.") ¶ 4, attach. C.) All such terms were to be served concurrently. (Colley Decl. ¶ 4, attach. C.) Petitioner began service of this sentence on May 29, 2001, and on May 12, 2003, Petitioner

completed his sentence for Case Number One.  (Colley Decl. ¶ 4, attach. C.)

On December 4, 2002, Petitioner was sentenced in the Northern District of Illinois in Case Number 01 CR 670-2 (hereinafter referred to as "Case Number Two").  Petitioner was found guilty of four counts of wire fraud and two counts of embezzlement of United States Money and was sentenced by United States District Court Judge William T. Hart to a total of 78 months for these six counts.  (Colley Decl. attach. D.)  Petitioner was also ordered to pay restitution and as a special condition of his sentence Petitioner was deemed ineligible for all future federal benefits until the entire amount of restitution was paid to the Social Security Administration.  (Colley Decl. attach. D.)  The judgment in Case Number Two stated that "[t]he term of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment pursuant to the judgment in Case Number 2:00CR55-01, Northern District of Indiana [referred to herein as Case Number One]." (Colley Decl. attach. D at 8.)  On April 9, 2003, the judgment in Case Number Two was amended to correct the sentence for a clerical error in the amount of restitution Defendant owed.[1]  (Colley Decl. attach D at 5-6; 11.)  On May 12, 2003, Petitioner completed the service of his 27 month sentence imposed in Case Number One by the Northern District of Indiana and began the service of his 78 month sentence imposed by the Northern District of Illinois in Case Number Two. (Colley Decl. ¶ 4.)

On May 20, 2005, the Seventh Circuit Court of Appeals issued an order to vacate the restriction imposed by the trial court judge in Case Number Two concerning Petitioner's ineligibility for federal benefits and remanded the case back to the trial court for entry of the corrected judgment.

---

[1] The sentence was amended to change the restitution owed from $462,397.00 to $462,997.00.

The Seventh Circuit also directed a limited remand under the procedures outlined in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). (Gov't Ex. 1.)

On June 14, 2005, United States District Court Judge William T. Hart recused himself from Case Number Two and the matter was reassigned to United States District Court Judge George W. Lindberg. On September 9, 2005, Judge Lindberg held that only the sentencing judge can make the determination required by *United States v. Paladino*, 401 F.3d 471 (7th Cir.2005), and that, since Judge Lindberg was not the sentencing judge in this case, he was unable to carry out the purpose of the limited remand as directed by the Seventh Circuit. (Gov't Ex. 3.) On December 7, 2005, Judge Lindberg amended Petitioner's judgment to the extent that the amendment removed the restriction that "the defendant shall be ineligible for all federal benefits in the future until all restitution has been paid to the Social Security Administration." (Colley Decl. attach. D at 2.) Judge Lindberg specifically noted that "[o]ther than the amendments or modifications stated in this judgment, the judgment entered April 9, 2003, is to stand (see attachment)." (Colley Decl. attach. D at 1.)

On March 7, 2006, the Seventh Circuit Court of Appeals vacated the 78 month sentence imposed in Case Number Two in the Northern District of Illinois and remanded the case back to the district court for re-sentencing. *United States v. Bonner*, 440 F.3d 414 (7th Cir. 2006). On July 26, 2006, Petitioner was re-sentenced by Judge Lindberg to a total uninterrupted term of 60 months on Counts one through four and 78 months on counts five and 6 "to be served concurrently." (Colley Decl. attach. F at 2.) The judgment does not order the sentence to run concurrent or consecutive to any other sentence.

Petitioner argues that the Federal Bureau of Prisons (hereinafter referred to as "BOP") has incorrectly calculated Petitioner's sentence, and therefore Petitioner is entitled to have his sentence

computation modified. Petitioner argues that his sentence commencement date should be May 2001 rather than May 2003, as has been determined by the BOP. Petitioner argues that the official court reporter made "serious errors in the transcript[s] on July 26, 2006, at Petitioner's re-sentencing hearing" in Case Number Two and Petitioner alleges that Petitioner's sentence in Case Number Two was intended to run concurrent with his sentence in Case Number One. (Pet. Reply at 1.) Petitioner alleges that the court reporter omitted major portions of the transcript and that the sentence in Case Number Two was not reported verbatim. Petitioner argues that Judge Lindberg's intent was to have Petitioner serve the sentence in Case Number Two concurrent with Case Number One and therefore 28 U.S.C. § 3584(a) does not apply in this case. Petitioner alleges that he was prejudiced because the court reporter failed to record his re-sentencing verbatim.

The Government argues that, since the July 26, 2006, judgment in Case Number Two is silent concerning the terms of multiple sentences, and since 18 U.S.C. § 3584(a) states that multiple terms of imprisonment imposed at different times run consecutively unless the Court orders otherwise, the BOP has correctly calculated Petitioner's sentence in Case Number Two to run consecutive with Case Number One. Petitioner has exhausted all of his administrative remedies concerning this issue.

## II. DISCUSSION

18 U.S.C. § 3584 states

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders

that the terms are to run concurrently."

18 U.S.C. § 3584(a). "Section 3585(a) provides that a federal sentence 'commences' when the defendant is received for transportation to or arrives at 'the official detention facility at which the sentence is to be served.' " *Reno v. Koray*, 515 U.S. 50, 58 (1995) (quoting 18 U.S.C. § 3585(a)).

In the present case the BOP has properly computed Petitioner's sentence in Case Number Two. The original judgment in Case Number Two specifically ordered that the sentence in Case Number Two was to run consecutively with the sentence in Case Number One. By the time Petitioner was re-sentenced on Case Number Two, Petitioner had already satisfied his sentence in Case Number One on May 12, 2003. Accordingly, Petitioner's judgment on Case Number Two on July 26, 2006, was silent and did not order the sentence to run either concurrently or consecutively with any other sentence, because no other sentence was pending at that time. This fact, coupled with the explicit order in the original judgment that the sentence in Case Number Two run consecutively with the sentence in Case Number One, provides ample evidence that the sentence in Case Number Two was not intended to run concurrently with the sentence in Case Number One. As stated in 18 U.S.C. § 3584, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). In this case, the original sentencing court in Case Number Two specifically ordered that the terms of imprisonment in Case Number One ran consecutive to Case Number Two, and upon re-sentencing the sentencing court was silent as to whether the term of imprisonment in Case Number Two ran concurrent with Case Number One. Therefore, as stated in 18 U.S.C. § 3584(a), the multiple terms of imprisonment in Case Number One and Case Number Two, which were imposed at different times, run consecutively.

Since the terms of imprisonment in Case Number One ran consecutive to Case Number Two, Petitioner's sentence in Case Number Two could not begin until Petitioner satisfied his sentence in Case Number One. Petitioner satisfied his sentence in Case Number One on May 12, 2003. Accordingly, Petitioner's current sentence, in Case Number Two, could not begin earlier than May 12, 2003, because prior to that he was still serving the sentence imposed as a result of Case Number One. The BOP began to compute Petitioner's sentence in Case Number Two on May 12, 2003, and this date is the correct date from which to compute Petitioner's sentence in Case Number Two. Therefore, the Court recommends that Petitioner's Petition be dismissed with prejudice, as the BOP has correctly calculated Petitioner's sentence.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DISMISSED WITH PREJUDICE**.


DATED: July 6, 2007                          s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 25, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.