UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| VERNON BONNER, | Civil No. 07-1599 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

---

Vernon Bonner, #06300-027, Federal Prison Camp, Box 1000, Duluth, MN 55814, petitioner *pro se*.

David J. MacLaughlin, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Vernon Bonner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated July 6, 2007, United States Magistrate Judge Franklin L. Noel recommended that the petition be dismissed. This case is now before the Court on petitioner's objections to the Report and Recommendation.[1] The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). As explained below, the Court overrules petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

---

[1] Petitioner filed a motion asking for a brief extension of the deadline for filing objections to the Report and Recommendation. Petitioner noted his *pro se* status, and a breakdown of the jail copy machine. The Court finds that this was good cause for a brief extension in the filing deadline, and the motion is granted. *See* Fed. R. Civ. P. 6(b).

On April 27, 2001, petitioner was sentenced in the Northern District of Indiana to a prison term of twenty-seven months, following convictions for multiple counts of mail fraud and theft of a government check ("Sentence One").[2]  Petitioner began serving this sentence on May 29, 2001.  On December 4, 2002, petitioner was sentenced in the Northern District of Illinois to a prison term of seventy-eight months, following convictions for multiple counts of wire fraud and embezzlement ("Sentence Two").  The judgment stated "[t]he term of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment pursuant to the judgment in Case Number 2:00CR55-01, Northern District of Indiana [Sentence One]."  On May 12, 2003, Petitioner completed Sentence One and began serving Sentence Two.

On March 7, 2006, the Seventh Circuit vacated Sentence Two, and remanded for re-sentencing in light of the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005).  *United States v. Bonner*, 440 F.3d 414 (7th Cir. 2006).  On July 26, 2006, petitioner was re-sentenced to a prison term of seventy-eight months.  The judgment did not specify whether the sentence should be served concurrently or consecutively to Sentence One.  Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  Accordingly, the Federal Bureau of Prisons ("BOP") calculated petitioner's sentence as if Sentences One and Two were intended to run consecutively.

---

[2] The factual background of this matter was set forth in full in the Magistrate Judge's Report and Recommendation.  That background is repeated here only to the extent necessary to assess petitioner's objections.

Petitioner does not argue that the judgment or sentencing transcript includes a call for Sentences One and Two to run concurrently. Instead, he contends that the sentencing transcript is mistaken. Petitioner argues that the sentencing judge gave an explicit instruction in court for the two sentences to run concurrently, and that this instruction was not recorded by the Court Reporter. Petitioner contends that as a result of this error, the BOP incorrectly calculated his sentence. The BOP responds that any concerns over the accuracy of the sentencing transcript should have been raised with the court where the sentencing occurred. The BOP contends that the § 2241 habeas petition brought here only reaches the BOP's calculations, and that those calculations were an accurate interpretation of the information the BOP was provided.

The Magistrate Judge concluded that the BOP correctly determined petitioner's sentence under 18 U.S.C. § 3584(a), and that there was ample evidence that the sentencing judge did not intend for petitioner's two sentences to run concurrently. The Magistrate Judge noted that when Sentence Two was originally imposed, on December 4, 2002, the sentencing judge explicitly stated that Sentence Two was to run consecutively to Sentence One. Then, by the time that petitioner was re-sentenced on July 26, 2006, Sentence One was complete. The Magistrate Judge suggests that this explains why the sentencing judge was silent at the July 26 sentencing, because there were no longer two sentences to consider.

The Court agrees that the BOP proceeded properly, and that the petition should be dismissed. It is true that "[t]he only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Bergmann*, 836 F.2d

1220, 1221 (9th Cir. 1988).  However, under 28 U.S.C. § 753(b), "[t]he transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had."  In light of this provision, to the extent that BOP relied on the sentencing transcript and any other materials created in reliance upon it, BOP was entitled to presume that they were accurate.  That presumption was bolstered by the existence of a judgment form consistent with the transcript and the additional circumstantial evidence discussed by the Magistrate Judge.  In short, the BOP made the correct calculation on the basis of the information it was given.  Accordingly, the Court adopts the Magistrate Judge's recommendation that the Petition for Writ of Habeas Corpus be dismissed.[3]

Petitioner also has made two motions asking that he be released on bond pending the Court's resolution of his petition.  Those motions are now moot, and are denied.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 14] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 11].  **IT IS HEREBY ORDERED** that:

---

[3] The Court notes that this does not mean that defendants are left without a remedy when there is a mistake in the transcription of court proceedings.  Rule 35(a) of the Federal Rules of Criminal Procedure states "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  In addition, Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error on the record arising from oversight or omission."  However, motions brought under these rules should be directed to the court where the alleged errors occurred.

-5-

1.      Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DISMISSED with prejudice**.

**IT IS FURTHER HEREBY ORDERED** that:

2.      Petitioner's Motion for Enlargement of Time [Docket No. 12] is **GRANTED**.

3.      Petitioner's Motion for Bond [Docket No. 8] and Supplemental Motion for Bond [Docket No. 15] are **DENIED**.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 13, 2008  
at Minneapolis, Minnesota.

                       s/ John R. Tunheim  
                       JOHN R. TUNHEIM  
                       United States District Judge